UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISRICT OF OHIO

| | |
|---|---|
| **SUSAN WASSERMAN**, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **ROBERT WEIR, TRUSTEE**, ) <br> ) <br> Defendant(s). ) | Case No.: **2:24-cv-03935** <br><br> **Judge: Hon, Sarah D Morrison, USDJ** <br><br> **Magistrate: Hon. Elizabeth Deavers, USMJ** |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiff Susan Wasserman, in the above-named case, hereby appeals to the United States Court of Appeals for the Sixth Circuit, from the final ORDER granting in part and denying in part Defendant's Motion to Remand and for an Order Awarding Fees for Improper Removal, ordering Ms. Wasserman to pay the attorneys' fees and costs incurred by Mr. Weir's counsel as a result of her improper removal, entered by Chief District Judge Sarah D. Morrison on October 9th, 2024; and the ORDER denying the Defendant Weir's Motion to Alter Judgment, entered by Chief District Judge Sarah D. Morrison on March 21st, 2025.

Respectfully submitted,

*/s/ Susan Wasserman*
SUSAN S. WASSERMAN, ESQ.
12439 MAGNOLIA BLVD., #18
LOS ANGELES, CA. 91607
(614) 403-6177
SUSANRW67@GMAIL.COM

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was filed electronically with the Court on March 21st, 2025.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Susan Wasserman

SUSAN S. WASSERMAN, ESQ.
12439 MAGNOLIA BLVD., #18
LOS ANGELES, CA. 91607
(614) 403-6177
SUSANRW67@GMAIL.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT WEIR, TRUSTEE,

    Plaintiff,

v.

SUSAN WASSERMAN,

    Defendant.

:

:

:

Case No. 2:24-cv-3334
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter is before the Court on Ms. Wasserman's Motion to Alter or Amend Judgment (ECF No. 9). For the following reasons, the Court **DENIES** the Motion.

Granting or denying a motion to alter or amend judgment is within the district court's discretion. *Nelson v. Jackson*, No. 2:12-CV-1167, 2014 WL 5475278, at *1 (S.D. Ohio Oct. 29, 2014) (McCann King, M.J.), *report and recommendation adopted*, 2015 WL 2169727 (S.D. Ohio May 8, 2015) (Graham, J.). A motion to alter judgment "'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *Id.* (citation omitted). Rule 59(e) requires the motion be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "A court may grant a motion to amend or alter a judgment if there exists '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Nelson*, 2014 WL 5475278, at *1 (citation omitted).

1

Ms. Wasserman timely filed her Motion to Alter Judgment, and she argues that she is entitled to relief to prevent a manifest injustice.

A motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quotation omitted). Generally, a finding of manifest injustice requires "unique circumstances," such as a complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00CV473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (Kemp, M.J.) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

Ms. Wasserman's arguments do not constitute grounds for relief under Rule 59(e). Rather, similar to her reasons for removing this case to federal court, Ms. Wasserman is unwilling to accept the decision of the Court and wants to re-argue the motion already decided—but without addressing the Court's jurisdiction over removed cases. Her arguments should be addressed to the state appellate court. The Court finds no basis to determine that a decision to alter or amend the judgment would prevent manifest injustice.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WEIR, | : | |
| Plaintiff/Creditor, | : | Case No. 2:24-cv-3334 |
| v. | | Chief Judge Sarah D. Morrison |
| | | Magistrate Judge Elizabeth A. Preston Deavers |
| SUSAN WASSERMAN, | : | |
| Defendant/Debtor. | | |

## ORDER

This matter is before the Court on the Motion to Remand and for an Order Awarding Fees for Improper Removal (Mot., ECF No. 5) filed by Robert Weir. Susan Wasserman responded (Resp., ECF No. 6), and Mr. Weir filed a Reply (Reply, ECF No. 7). For the reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Beginning in October 2018, Ms. Wasserman, a probate attorney, represented an individual who sought to reopen her father's estate and contest his will. (ECF No. 5-1, PAGEID # 40.) Mr. Weir served as the successor executor and trustee of the trust holding Ms. Wasserman's client's share of the estate proceeds. (*Id.*)

Following settlement attempts and subsequent litigation lasting three years, the probate court determined that the estate would not be reopened. (ECF No. 5-1, PAGEID # 40.) The proceedings continued, however, because Mr. Weir requested sanctions pursuant to Ohio Rev. Code § 2323.51 against Ms. Wasserman for

frivolous conduct. (*Id.*) The magistrate judge granted Mr. Weir's motion and ordered Ms. Wasserman to pay reasonable fees and costs to Mr. Weir in the amount of $64,675.46, plus interest. (*Id.*, PAGEID # 41–42, 44.) The probate judge subsequently overruled Ms. Wasserman's objections to the magistrate judge's order and affirmed her payment obligation to Mr. Weir. (*Id.*, PAGEID # 42.) Ms. Wasserman then appealed the judgment against her to the Tenth District Court of Appeals. (*See, e.g.*, *id.*, PAGEID # 52.)

While the appeal was pending, Mr. Weir began legal proceedings to collect the sanctions award by securing a Certificate of Judgment in the Franklin County Common Pleas Court, which created a lien against any real estate owned by Ms. Wasserman in Franklin County. (ECF No. 5-1, PAGEID # 44.) Mr. Weir also obtained an order from the common pleas court compelling Ms. Wasserman to appear at a judgment debtor's examination that would allow him to assess her assets and her ability to pay. (*Id.*, PAGEID # 45–46.) Finally, Mr. Weir issued a subpoena *duces tecum* to Ms. Wasserman that commanded her to appear for a deposition and to produce records regarding assets from which the judgment award could be collected, among other topics. (*Id.*, PAGEID # 48–49.)

Despite being properly notified, Ms. Wasserman failed to appear for the deposition. Instead, she sought a stay of the deposition and the judgment debtor's examination by filing a motion in the appellate court, which was denied. (ECF No. 5-1, PAGEID # 52–76, 104.) During this time, Ms. Wasserman removed the case to this Court. (ECF No. 1.)

## II. STANDARD OF REVIEW

Federal courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States[.]"

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004); *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022) (Cole, J.). "[F]ederal courts must construe the removal statutes strictly, resolving all doubts in favor of remand." *Kim v. Lee*, No. 1:21-CV-613, 2021 WL 5494326, at *1 (S.D. Ohio Nov. 23, 2021) (Cole, J.)

3

(citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999)).

III.  ANALYSIS

    A.  **Motion to Remand**

Ms. Wasserman has the burden of demonstrating that federal subject matter jurisdiction exists such that removal of this case was proper. As detailed below, she has utterly failed to carry this burden.

        1.  **Diversity Jurisdiction**

In response to Ms. Wasserman's removal of this case under diversity jurisdiction grounds (ECF No. 1, PAGEID # 2), Mr. Weir asserts that she has satisfied neither the complete diversity requirement nor the amount in controversy requirement outlined in 28 U.S.C. § 1332. (Mot., PAGEID # 30–31.) The Court agrees. Putting aside the Court's suspicion regarding Ms. Wasserman's citizenship,[1] the Certificate of Judgment clearly provides that the amount in controversy (exclusive of interest and costs) is $64,675.46—well below the $75,000 jurisdictional threshold. Thus, Ms. Wasserman cannot base removal of this case on the Court's diversity jurisdiction.

        2.  **Federal Question Jurisdiction**

Ms. Wasserman has also failed to demonstrate the existence of a substantial federal question. Under the well-pleaded complaint rule, district courts have federal

---

[1] Mr. Weir provides at least seven pieces of evidence that indicate that Ms. Wasserman is an Ohio citizen for diversity purposes. (Mot., PAGEID # 30–31.) Although it is her burden to prove federal jurisdiction, Ms. Wasserman does not address or contest any of this evidence in her response.

4

question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Here, the case Ms. Wasserman seeks to remove is a state proceeding related to the execution of a state-court judgment. (ECF No. 1, PAGEID # 1.) Such ancillary proceedings, which are simply continuations of initial state court actions, are not subject to removal, primarily because they are not independent actions that fall under the court's original jurisdiction. *See, e.g.*, *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized.").

Even if this were not the case, this matter does not implicate federal law. Ms. Wasserman based her removal on the assertion that her case arises under the procedural and substantive components of the Due Process Clause. (ECF No. 1, PAGEID # 2.) But the "complaint" that Ms. Wasserman removed (and to which the Court looks for indicia of federal question jurisdiction) is simply Mr. Weir's motion for the state court to compel her attendance at a deposition. (ECF No. 1, PAGEID # 3.) This action is a state-law matter concerning the attempted collection of legal fees and sanctions for state-court frivolous conduct. It does not raise a federal question, and Ms. Wasserman's attempt to secure federal question jurisdiction through generalized references to the Due Process Clause is not well taken. *See,*

5

*e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law."). Ms. Wasserman cannot remove this case based on the existence of a federal question.

B.      Fees and Sanctions for Improper Removal

As explained above, Ms. Wasserman has established neither this Court's diversity jurisdiction nor its federal question jurisdiction. Mr. Weir argues that he is entitled to fees and costs as a result of Ms. Wasserman's improper removal. (Mot., PAGEID # 36.)

The removal statute contains a fee-shifting provision that provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USC §1447(c). As a general rule, the award of fees is inappropriate if the removing party had "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts in this circuit apply a two-part test to determine the propriety of fees under this provision: "First, we consider whether [the party] had an objectively reasonable basis to remove the case. Second, we consider whether an 'unusual circumstance' justified departing from the objectively-reasonable-basis rule." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015). In applying this test, courts should aim to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right

to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 141.

Here, Ms. Wasserman lacked an objectively reasonable basis for removal. The judgment at issue is patently less than the jurisdictional threshold for diversity jurisdiction, and there is no federal law implicated in this ancillary state-court matter. It is clear that Ms. Wasserman sought removal as a way to obtain a second bite at the apple and relitigate the case that is currently pending before the state appellate court—the majority of her response to Mr. Weir's motion to remand consists of her arguments in opposition to the trial court's judgment, which are more properly directed toward and handled by the state appellate court.[2] As an attorney, she is expected to familiarize herself with the rules of procedure and should know better than to remove a case on meritless grounds. Mr. Weir is accordingly entitled to his attorneys' fees and costs pursuant to 28 USC §1447(c).

The Court will not use its inherent powers to further sanction Ms. Wasserman for her conduct and denies Mr. Weir's request to do so, but Ms. Wasserman is **CAUTIONED** that future improper attempts to remove this or other cases may result in additional sanctions or other consequences.

---

[2] Ms. Wasserman's primary argument in opposition to remand is that "[a]s a direct and proximate fraud committed upon the Probate Court, the Plaintiff obtained the Judgment it is relying on in the instant case in support of its Motion for Remand, and the same is void *ab intitio* as a matter of law, because being procured by fraud upon the Probate Court, the Probate Court did [not] have subject matter jurisdiction to enter it." (Resp., PAGEID # 159.) This argument is not suited for this Court's review but rather goes toward the integrity of the judgment, which is a matter for the state appellate court.

## IV.     CONCLUSION

For the reasons stated herein, Mr. Weir's Motion to Remand and for an Order Awarding Fees for Improper Removal (ECF No. 5) is **GRANTED in part** and **DENIED in part**. The Court **ORDERS** Ms. Wasserman to pay the attorneys' fees and costs incurred by Mr. Weir's counsel as a result of her improper removal. Mr. Weir is **ORDERED** to submit an accounting of his attorneys' fees and costs to Ms. Wasserman and the Court **within fourteen (14) days** of this Order, after which the case will be remanded to the court from which it was removed (the Court of Common Pleas for Franklin County, Ohio).

    **IT IS SO ORDERED.**

                              /s/ Sarah D. Morrison
                              **SARAH D. MORRISON**
                              **CHIEF UNITED STATES DISTRICT JUDGE**